IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARK BRYAN MARTIN-DOBSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-1146 |
| ) | |
| DARON HALL (Sheriff), BETH GENTRY, ) | Judge Sharp |
| M. GRALAU (Deputy Sheriff), F. SYKES ) | |
| (Deputy Sheriff), ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Mark Bryan Martin-Dobson, a pretrial detainee at the Davidson County Sheriff's Department – Criminal Justice Center in Nashville, Tennessee, filed this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights. Because the plaintiff is a prisoner who proceeds *in forma pauperis* against government officials, the complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

I.  ALLEGATIONS IN THE COMPLAINT

The complaint names as defendants Sheriff Daron Hall, Deputy Sheriffs M. Gralau and F. Sykes, and Classification Officer Beth Gentry, all employees of the Davidson County Sheriff's Department. In his complaint, the plaintiff alleges that after an altercation broke out in the jail on September 18, 2012, Deputy Sheriff M. Gralau handcuffed the plaintiff and left him in Unit 5C "to be assaulted by inmates." (ECF No. 1, at 3.) The plaintiff states: "[I] feel like once Deputy Officer M. Gralau handcuffed me I should have been escorted out of danger[.] [M]y safety alone was in his hands and he neglected to do his job." (*Id.*) The plaintiff states elsewhere in the complaint that he was actually assaulted and suffered injury while in handcuffs.

In October 2012, approximately a month later, while the plaintiff was in "the hole" for disciplinary reasons, meaning he was on "house alone, rec alone" status, the defendants put his life in danger by placing in his cell another inmate "without being aware that he's cousin with the dudes [the plaintiff] got into a fight with." (*Id.*) The plaintiff filed a grievance on the matter, and defendant Beth Gentry moved

him to administrative lockdown and took him off "house alone, rec alone" status. The plaintiff states this move was for the purpose of "covering up" the fact that he had been inappropriately placed with the other inmate. He does not allege that he was actually assaulted or injured by the other inmate at that time.

The plaintiff states he has written numerous grievances asking for protection from other inmates, but the defendants "disregarded the matter completely," which led to his being assaulted and injured by other inmates. The plaintiff asserts that the defendants have failed to do their job, and that their neglect led to his assault and to being "made to sleep at night with one eye open." (*Id.* at 4.) The plaintiff seeks damages for pain and suffering as well as various equitable relief.

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a civil complaint filed *in forma pauperis*, or any portion thereof, that fails to state a claim upon which relief can be granted or is frivolous. Section 1915A(a) similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**III.    ANALYSIS AND DISCUSSION**

To bring a successful claim under 42 U.S.C. § 1983, a plaintiff must establish "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001).

"[S]tate pretrial detainees are shielded from cruel and unusual punishments by the Fourteenth Amendment's Due Process Clause, which provides similar if not greater protections than the Cruel and Unusual Punishments Clause [in the Eighth Amendment]." *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (footnote and citations omitted). The plaintiff in this case alleges that he a pretrial detainee, so his claim falls under the Fourteenth Amendment rather than the Eighth Amendment. However, the Sixth Circuit applies the Eighth Amendment standard to pretrial detainees "for the sake of simplicity." *Id.*

In the prison context, the Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Amendment forbids prison officials from acting with "deliberate indifference" to the serious needs of prisoners. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990). "[D]eliberate indifference of a constitutional magnitude may occur when prison guards fail to protect one inmate from an attack by another." *Id.*

The Supreme Court has held that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. To prevail on a claim of deliberate indifference, a plaintiff must demonstrate that the defendant: (1) had actual knowledge of facts from which the inference could be drawn that a substantial risk of serious harm existed; and (2) actually drew the inference. *Id.*

The plaintiff's *pro se* complaint must be construed liberally, as set forth above. Although the allegations in the complaint are lacking in detail, the Court finds that the allegations are sufficient to give rise to an inference that the prison officials named as defendants acted not only with negligence but with deliberate indifference to the plaintiff's safety and/or that the administrative officials were deliberately indifferent insofar as they failed to adopt policies for the prevention of inmate assaults upon each other.

## IV. CONCLUSION

Although the Court expresses no opinion as to the ultimate merit of the claims, the complaint will, at this stage, be permitted to proceed.

An appropriate order will enter.

*Kevin H. Sharp*
Kevin H. Sharp
United States District Judge