IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARK BRYAN MARTIN-DOBSON )
)
v. )
) NO. 3:12-1146
)
DARON HALL, et al. )

TO: Honorable Kevin H. Sharp, District Judge

### REPORT AND RECOMENDATION

By Order entered November 26, 2012 (Docket Entry No. 4), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), for management of the case, for decisions on all pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending is the Defendants' motion to dismiss (Docket Entry No. 14) and motion to dismiss the amended complaint (Docket Entry No. 24). Plaintiff has filed a response in opposition to the motions. See Docket Entry No. 29. Also before the Court are two motions for summary judgment (Docket Entry Nos. 27 and 31) filed by Plaintiff and the Defendants' response to the first motion. See Docket Entry No. 28. Set out below is the Court's recommendation for disposition of the motions.

## I. BACKGROUND

Plaintiff, an inmate at the Davidson County Criminal Justice Center ("CJC"), filed this action pro se and in forma pauperis under 42 U.S.C. § 1983 on November 5, 2012, seeking damages for alleged violations of his constitutional rights. Named as defendants are Davidson County Sheriff Daron Hall and CJC employees Beth Gentry, Michael Graulau, and Frank Sykes.[1]

Plaintiff alleges that his constitutional right to personal safety was violated because he was subjected to violence or the potential for violence at the hands of other inmates at the CJC, which he contends should have been prevented by the Defendants. Specifically, he alleges in his original and amended complaints that on September 18, 2012, he was handcuffed by Defendant Graulau after an altercation among inmates occurred at the CJC. He alleges that Graulau left him in Housing Unit 5C while still handcuffed and that he was assaulted and injured by another inmate while handcuffed. He also alleges that, although he was supposed to be housed in a cell by himself, Defendant Sykes placed another inmate in a cell with Plaintiff on October 21, 2012. Plaintiff contends that the other inmate was a threat to his safety because he was related to inmates who had been involved in the previous altercation with Plaintiff, but he does not allege that he was assaulted by the inmate who was placed in his cell and states that the "administration" was "unaware" that the inmate was a relative of other inmates who had previously fought with Plaintiff. See Amended Complaint (Docket Entry No. 20), at 3. He asserts that, after he filed a grievance about the matter, he was moved to administrative segregation by Defendant Gentry in an effort to "cover up" the fact that the other inmate had been put in his cell. See Complaint (Docket Entry No. 1), at 3-4.

---

[1] In their motions to dismiss, defendants Graulau and Sykes provided their full names, which the Court shall use to identify them even though the Complaint does not identify them as such.

In lieu of answers, the Defendants filed a motion to dismiss seeking dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Docket Entry No. 14. The Defendants contend that the Complaint contains insufficient factual allegations to support claims of constitutional liability against them under Section 1983. The Defendants assert that Plaintiff fails to allege that he was actually assaulted by any inmates and fails to allege any facts showing that the Defendants were aware of any specific risk to Plaintiff's personal safety, that the allegations of a "cover up" against Defendant Gentry do not support a constitutional claim, and that he does not allege that Defendant Hall had any personal involvement in any of the alleged events. See Memorandum in Support (Docket Entry No. 15). The Defendants also raise the defense of qualified immunity.

The Court advised Plaintiff by Order entered February 19, 2013 (Docket Entry No. 18), of his need to respond to the motion to dismiss. Instead of filing a response, he filed a motion to amend his pleadings. See Docket Entry No. 20. By Order entered March 21, 2013 (Docket Entry No. 22), the Court granted the motion, deemed the motion to amend to be an amended complaint, required the Defendants to file a supplement to their motion to dismiss addressing any new factual allegations contained in the new pleading, and reminded Plaintiff that he was still required to respond to the motion to dismiss.

In his Amended Complaint, Plaintiff alleges that he was, in fact, assaulted and injured by another inmate on September 18, 2012, after Defendant Graulau left him in his housing area in handcuffs and that Graulau also failed to check the housing area every 30 minutes after handcuffing Plaintiff. Plaintiff also alleges that, if Gentry had taken some kind of action in response to a grievance he filed in November 2011, complaining that his safety was at risk because he was being

3

housed with maximum security inmates despite being a pre-trial detainee, the incident in September 2012, might not have occurred. Plaintiff further alleges that Defendant Sykes knew Plaintiff was supposed to be housed by himself on October 22, 2012, when another inmate was placed in his cell, and that Defendant Hall failed to adopt policies to prevent inmate assaults at the CJC.

On March 26, 2013, the Defendants filed a motion to dismiss the Amended Complaint. See Docket Entry No. 24. Defendants reiterate the legal arguments made in their initial motion to dismiss and contend that the new factual allegations contained in the amended complaint fail to cure the deficiencies of the original complaint.

On March 28, 2013, Plaintiff filed a motion for summary judgment. See Docket Entry No. 27. The motion is essentially a photocopy of his previously filed motion to amend, except that it has been styled as a motion for summary judgment, includes a reference to "LR 56.01" and includes the word "response" after most of the paragraphs in the body of the motion. The Defendants have filed a response in opposition to the motion contending that it fails to satisfy any of the basic requirements for a motion for summary judgment and should thus be denied. See Docket Entry No. 28.

On April 29, 2013, Plaintiff filed a response to the motions to dismiss in which he argues that the Defendants failed to ensure his safety at the CJC. See Docket Entry Nos. 28-29. Perhaps in an attempt to address the deficiencies raised by the Defendants in their response to his first motion for summary judgment, Plaintiff filed a second motion for summary judgment. See Docket Entry No. 31. The motion includes a paragraph of argument, but is essentially a series of questions and appears to be Plaintiff's attempt to file a statement of undisputed material facts in accordance with

Rule 56.01(b) of the Local Rules of Court. Plaintiff also attaches to his motion copies of grievances he filed at the CJC and responses from CJC officials.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care

5

Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." Iqbal, 566 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).[2]

### III. CONCLUSIONS

A. Fourteenth Amendment Rights of a Pretrial Detainee

Although it is somewhat unclear, it appears that Plaintiff was held at the Jail as a pretrial detainee at the time of the incidents in question. Pretrial detainees are protected from mistreatment by the Due Process Clause of the Fourteenth Amendment while convicted felons fall within the purview of the Eighth Amendment's prohibition of cruel and unusual punishment. City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). However, the Eighth Amendment's prohibition against cruel and unusual punishment applies to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441

---

[2] In his Complaint and Amended Complaint, Plaintiff referred to grievances he made to Defendant Gentry but there were no documents attached to the pleadings as exhibits. However, copies of the grievance documents were attached to his second motion for summary judgment. See Docket Entry No. 31-1. Because these documents are referred to in the Complaint and Amended Complaint and are central to Plaintiff's claims, the Court views the documents as being a part of the pleadings and thus properly considered in review of the motions to dismiss. See Bassett v. National Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008). As such, consideration of the documents does not require the Court, in accordance with Rule 12(d) of the Federal Rules of Civil Procedure, to treat the motions to dismiss as motions brought under Rule 56 of the Federal Rules of Civil Procedure.

U.S. 520, 535 & n.16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); Heflin v. Stewart Cnty., Tenn., 958 F.2d 709, 714 (6th Cir. 1992); Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir. 1985). Accordingly, claims brought by a pretrial detainee based upon allegations that he was not protected from inmate violence are analyzed under Eighth Amendment standards. See Leary v. Livingston Cnty., 528 F.3d 438, 441-42 (6th Cir. 2008).

B. Motions to Dismiss

The Defendants' motion to dismiss the complaint and motion to dismiss the amended complaint should be granted in part and denied in part.

Both motions should be granted as to Defendant Hall. Liability under 42 U.S.C. § 1983 cannot be based on respondeat superior merely because of a defendant's supervisory position. Accordingly, Defendant Hall's status as Sheriff of Davidson County and his supervisory authority over other employees do not constitute a basis for a claim against him. See Rizzo v. Goode, 423 U.S. 362, 371-72, 375-77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); Phillips v. Roane Cnty., Tenn., 534 F.3d 531, 543 (6th Cir. 2008). In order for Hall to be held individually liable under Section 1983 there must be allegations showing that he was personally involved in some manner in the unconstitutional conduct at issue. Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992). The Complaint and Amended Complaint are devoid of any factual allegations showing that Defendant Hall personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the alleged unconstitutional conduct as is required for a claim against him. Plaintiff has not alleged a factual basis for a plausible claim of individual liability against Defendant Hall. See Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999),

7

cert. denied, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989). Plaintiff's assertion in his Amended Complaint that Hall failed to adopt policies for the prevention of inmate assaults is speculative and conclusory on his part. Such an allegation is not sufficient to state a claim under Section 1983. See Iqbal, 556 U.S. at 677-79; Twombly, 550 U.S. at 555; Chapman v. City of Detroit, 808 F. 2d 459, 465 (6th Cir. 1986); Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985). The Court is not required to conjure up unpled allegations to support conclusory claims. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).[3]

The motions to dismiss should also be granted as to Defendants Gentry and Sykes. Plaintiff's allegations, even if true, simply fail to support a constitutional claim against these two Defendants. A violation of the Constitution may occur when prison guards fail to protect one inmate from violence at the hands of another inmate. See Farmer v. Brennan, 511 U.S. 825, 842-44, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Walker v. Norris, 917 F.2d 1449, 1453 (6th Cir. 1990). However, not every incident of inmate-on-inmate violence supports a claim of constitutional liability. Farmer, 511 U.S. at 834. For a viable Section 1983 claim, there must be a showing that there was a substantial risk of serious harm to Plaintiff's safety, that the Defendant knew of that harm, and that the Defendant acted or failed to act in a manner which was deliberately indifferent to this substantial risk. Id. at 834-37; Greene v. Bowles, 361 F.3d 290, 294 (6th Cir. 2004).

---

[3] To the extent that Defendant Hall is sued in his official capacity as the Sheriff, such claims are viewed as claims against the Metropolitan Government of Nashville and Davidson County ("Metro"), the municipal entity of which he is an officer. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). However, Plaintiff's conclusory allegations are likewise insufficient to support a claim for relief against Metro based upon a theory of municipal liability under Monell v. Department of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

8

Plaintiff's own allegations are that, at the time the inmate was placed in his cell on October 21, 2012, there was no reason to believe that the other inmate posed a risk to Plaintiff, that the Defendants were unaware that the inmate was a relative of other inmates who had previously fought with Plaintiff, that no incident of violence actually occurred between Plaintiff and the other inmate, and that once Plaintiff complained to Defendant Gentry, Plaintiff was moved to another location and away from the inmate. Given these facts, there is no plausible constitutional claim that the Defendants acted with deliberate indifference to a serious risk of harm to Plaintiff. Plaintiff's contentions that Defendant Gentry acted to "cover up" the fact that the other inmate was placed in the cell with Plaintiff or that the Defendants should have taken some other type of action are simply insufficient to support a constitutional claim.

Plaintiff has also not stated a plausible claim based on his allegations that Defendant Gentry ignored his grievance in November of 2011. There are no facts showing that anyone at the CJC knew that the inmate who attacked Plaintiff posed a specific risk of harm to the Plaintiff or that the Plaintiff himself expressed to Defendant Gentry any fear of the inmate prior to the attack. Plaintiff's grievance merely complained about the fact that he was housed around other inmates and that the food was being served on trays that could be used as weapons. Such general complaints are not sufficient to provide Gentry with knowledge of a specific and substantial risk to Plaintiff's personal safety. See Gant v. Campbell, 4 Fed.App'x 254, 256, 2001 WL 132337 (6th Cir. Feb. 6, 2001) (an inmate's general concern about his safety without identification of any particular threat not sufficient to support Eighth Amendment claim). Plaintiff's contention that the attack in September 2012, might not have occurred if Defendant Gentry had taken some kind of action in response to his grievance nearly a year earlier is simply insufficient to support a constitutional claim under

9

Section 1983. Plaintiff must show "more than ordinary lack of due care for the prisoner's interests or safety." Farmer, 511U.S. at 835. His allegations against Gentry fail to rise to the level necessary for a constitutional claim.

With respect to Defendant Graulau, however, the Court finds that the motions to dismiss should be denied. Although Defendant Graulau is correct that Plaintiff alleges that Graulau failed to "[do] his 30 minute rounds," see Amended Complaint (Docket Entry No. 20), at 3, the Court does not construe Plaintiff's pleadings as merely asserting a claim of negligence or a claim based upon allegations that Graulau's failure to make adequate security rounds led to the attack. Plaintiff clearly alleges that Defendant Graulau left him unsupervised and in handcuffs in an area where an inmate altercation had just occurred and that he was subsequently attacked by another inmate while in handcuffs and suffered injuries as a result. Id. and Complaint (Docket Entry No. 1), at 3-4. Regardless of whether or not Graulau was aware of any threat to Plaintiff posed by the specific inmate who attacked him, Plaintiff's allegations, which must be assumed as true for the purposes of the motions to dismiss, are that he was left in a vulnerable state unable to protect himself from attack by other inmates. At this stage of the proceedings, the Court finds Plaintiff's allegations to be sufficient to state a claim that Defendant Graulau acted in a manner that was deliberately indifferent to a serious risk of harm to the safety of Plaintiff that was obvious and apparent.

Defendant Graulau raises the defense of qualified immunity. The affirmative defense of qualified immunity shields government officials performing discretionary functions from liability for civil damages unless their conduct violates a clearly established statutory or constitutional right of which a reasonable person in the official's position would have known See Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); Gardenhire v. Schubert, 205 F.3d 303,

10

310-11 (6th Cir. 2000). The qualified immunity analysis involves two inquiries.[4] One inquiry is whether there are sufficient facts alleged to show that a constitutional violation has occurred. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); Sigley v. City of Parma Heights, 437 F.3d 527, 537 (6th Cir. 2006); Jackson v. Leighton, 168 F.3d 903, 909 (6th Cir. 1999). Given the Court's conclusion that Plaintiff sufficiently states a constitutional claim upon which relief can be granted against Defendant Graulau, the first part of the qualified immunity analysis does not favor the Defendant.

If the Court finds that the facts presented to the Court sufficiently show that a constitutional violation has occurred, the Court must determine whether the constitutional right was clearly established at the time of the incident in question so that a reasonable officer in the defendant's position would have known that his conduct violated that right. See Saucier, 533 U.S. at 201; Champion v. Outlook Nashville, Inc., 380 F.3d 893, 900-01 (6th Cir. 2004); Feathers v. Aey, 319 F.3d 843, 848 (6th Cir. 2003); Burchett v. Kiefer, 310 F.3d 937, 942-43 (6th Cir. 2002); Risbridger v. Connelly, 275 F.3d 565, 569 (6th Cir. 2002). The Court finds that the second prong of the qualified immunity analysis likewise does not favor the Defendant. An inmate's constitutional right to be free from deliberate indifference to the risk of assault by other inmates was clearly established at the times of the events in question. See Bishop v. Hackel, 636 F.3d 757, 766 (6th Cir. 2011).

---

[4] In Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009), the United States Supreme Court clarified that the two inquiries of the qualified immunity analysis do not have to be undertaken in any particular order.

11

C. Motions for Summary Judgment

Plaintiff's motions for summary judgment should be denied. Plaintiff fails to show that there are no genuine disputes as to any material facts, fails to cite to particular parts of the record in support of such a showing, and fails to offer any type of actual argument showing that he is entitled to judgment as a matter of law in his favor. As such, there is no basis upon which to grant his motions under Rule 56 of the Federal Rules of Civil Procedure.

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) Defendants' motion to dismiss (Docket Entry No. 14) and motion to dismiss the amended complaint (Docket Entry No. 24) be GRANTED as to Defendants Daron Hall, Beth Gentry, and Frank Sykes and that these defendants be DISMISSED from the action;

2) Defendants' motion to dismiss (Docket Entry No. 14) and motion to dismiss the amended complaint (Docket Entry No. 24) be DENIED as to Defendant Michael Graulau and this Defendant be required to file an answer; and

3) Plaintiff's motions for summary judgment (Docket Entry Nos. 27 and 31) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation.

See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge

13