# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

MARK BRYAN MARTIN-DOBSON )
                                  )
    v.                               )
                                  )   NO. 3:12-1146
                                  )
DARON HALL, et al. )

### O R D E R

The Defendant's motion (Docket Entry No. 52) for leave to take the prisoner plaintiff's deposition is GRANTED.

In accordance with Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure, leave of the Court is granted to the Defendant to take the prisoner plaintiff's deposition. The plaintiff is ORDERED to allow his deposition to be taken.

The Defendant shall notice the deposition in accordance with Rule 30(b). The deposition shall take place at the facility where the plaintiff is currently incarcerated, unless other arrangements are made with the custodian of the plaintiff by counsel for the Defendant, and the deposition may take place with security personnel present.

The plaintiff is advised that his failure to appear for the deposition, or his refusal to answer questions at the deposition, may result in sanctions being imposed against him, including dismissal of his action or a limitation on the evidence he is allowed to present at any hearing in Court.

The plaintiff is further advised that, while the concept of due process may include an inherent right to retain counsel in a civil proceeding if a party so chooses and has retained counsel, Powell v. Alabama, 287 U.S. 45, 68-69, 53 S.Ct. 55, 77 L.Ed. 158 (1932), Potashnick v. Port City Constr.,

609 F.2d 1101, 1118 (5th Cir. 1980), a plaintiff proceeding in forma pauperis and/or pro se has no

general constitutional or statutory right to have counsel appointed to represent him in a civil case

when he cannot afford to retain counsel. Lassiter v. Department of Soc. Servs., 452 U.S. 18, 25-27,

101 S.Ct. 2153, 68 L.Ed. 2d 640 (1981). The plaintiff is advised that he cannot refuse to answer

questions at the deposition because he is not represented by counsel in this action.

The plaintiff is further advised that he may not be aided or assisted at such deposition by an

inmate legal helper [a so-called "jailhouse lawyer"].

Any party desiring to appeal this Order may do so by filing a motion for review no later than

fourteen (14) days from the date this Order is served upon the party. The motion for review must

be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for

appeal. See Rule 72.02(b) of the Local Rules of Court.

So ORDERED.


JULIET GRIFFIN
United States Magistrate Judge

2