IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARK BRYAN MARTIN-DOBSON )
)
v. )
) NO. 3:12-1146
)
DARON HALL, et al. )

TO: Honorable Kevin H. Sharp, District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered November 26, 2012 (Docket Entry No. 4), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), for management of the case, for decisions on all pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending is Defendant Michael Graulau's Motion for Summary Judgment (Docket Entry No. 56), to which Plaintiff has filed a response in opposition. See Docket Entry No. 64. For the reasons set out below, the Court recommends that the Motion for Summary Judgment be granted and this action be dismissed.

## I. BACKGROUND

Plaintiff, an inmate in the custody of the Davidson County, Tennessee, Sheriff's Office ("DCSO"), filed this action pro se and in forma pauperis on November 5, 2012, seeking damages

under 42 U.S.C. § 1983. He alleges that his constitutional right to personal safety was violated during his confinement at the Davidson County Criminal Justice Center ("CJC"). Named as defendants are Davidson County Sheriff Daron Hall and CJC employees Beth Gentry, Michael Graulau, and Frank Sykes.

By Order entered September 25, 2013 (Docket Entry No. 37), the Court dismissed all claims against Defendants Hall, Gentry, and Sykes upon their motions to dismiss (Docket Entry Nos. 14 and 24), leaving only Defendant Graulau as a defendant in the action. Pursuant to a scheduling order (Docket Entry No. 44), a period of pretrial activity was provided.

Plaintiff alleges that, on September 18, 2012, he was handcuffed by Defendant Graulau after an altercation among inmates occurred at the CJC. He alleges that Graulau then left him in Housing Unit 5C while still handcuffed and that he was assaulted and injured by another inmate while handcuffed. Plaintiff contends that Defendant Graulau should have escorted him to a safer area instead of leaving him unprotected. See Complaint (Docket Entry No. 1) and Amended Complaint (Docket Entry No. 20).

Defendant Graulau seeks summary judgment on the claim brought against him. He asserts that Plaintiff failed to fully exhaust his available administrative remedies within the DCSO prior to bringing this action and his claim is, therefore, barred pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"). In addition, Defendant Graulau argues that the undisputed evidence warrants summary judgment in his favor because Plaintiff cannot establish that Defendant Graulau knew that Plaintiff faced a substantial risk of harm during the September 18, 2012, incident and yet disregarded that risk. Finally, Defendant Graulau contends that he is entitled to qualified immunity for the good faith actions he took during the inmate disturbance on September 18, 2012. In support

2

of his motion, Defendant Graulau relies on his own Declaration (Docket Entry No. 60), the Declaration of DCSO Records Manager Tom Davis (Docket Entry No. 59), and excerpts from Plaintiff's deposition (Docket Entry No. 56-1).

Plaintiff has responded to the Motion for Summary Judgment by filing a response to Defendant Graulau's Statement of Undisputed Facts. See Docket Entry No. 64. Plaintiff has not submitted any evidence in support of his claim or filed any other type of response to the Motion for Summary Judgment.[1]

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary

---

[1] By Order entered March 25, 2014, the Court set a deadline of May 9, 2014, for Plaintiff to file a response to the Motion for Summary Judgment. On April 2, 2014, Plaintiff filed his response to the Defendant's Statement of Undisputed Facts. By Order entered April 15, 2014, the Court advised Plaintiff that any additional response to the Motion for Summary Judgment shall be filed by the May 9, 2014, deadline.

judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

## III. CONCLUSIONS

The Court finds that summary judgment should be granted to Defendant Graulau because Plaintiff's claim has not been properly exhausted. The PLRA states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This statute requires a prisoner plaintiff to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. Porter v. Nussle, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998).

Once the defense of failure to exhaust is raised, a prisoner plaintiff must set forth evidence to show that he has complied with the requirements of exhaustion. See Napier v. Laurel Cnty., Ky., 636 F.3d 218 (6th Cir. 2011). To establish that he has exhausted his administrative remedies, Plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003), abrogated on other grounds, Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). It is further well-settled that there is no futility exception to the exhaustion requirement. Booth, 532 U.S. at 741 n.6; Napier, 636 F.3d at 222.

It is undisputed that a grievance system is available to inmates within the custody of the DCSO and that an inmate who is not satisfied with the decision on his grievance may file an appeal. See Declaration of Tom Davis (Docket Entry No. 59). It is further undisputed that Plaintiff filed an administrative grievance on October 18, 2012, about the incident in question, that his grievance was

found to be unsustained on October 30, 2012, and that Plaintiff did not file an appeal of the denial of his grievance. Id.; Docket Entry No. 59-1.

Plaintiff has not set forth any basis excusing his failure to file an administrative appeal of his unsustained grievance and thus complete the grievance process available to him at the DCSO. It is Plaintiff's burden to rebut the Defendant's assertion that he failed to exhaust. See Napier, supra. Although Plaintiff makes statements in his response to Defendant Graulau's Statement of Undisputed Facts that his grievances about the matter were "either lost or disregarded," that the grievance system is "terrible," and that his "appeal [was] never answered," see Docket Entry No. 64, at 3, his response is not supported by any actual admissible evidence such as an affidavit and, thus, his statements fail to support his opposition to the exhaustion argument made by Defendant Graulau. Furthermore, in his deposition, Plaintiff stated only that he did not remember whether he filed an appeal of his denied grievance. See Docket Entry No. 56-1, at 15. His statements simply fail to satisfy this burden, especially in light of Defendant Graulau's affirmative evidence.

Because the Court finds that the failure to exhaust argument raised by Defendant Graulau requires dismissal of Plaintiff's claim, it is not necessary to address the alternative arguments for summary judgment raised by Defendant Graulau.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Motion for Summary Judgment (Docket Entry No. 56) filed by Defendant Michael Graulau be GRANTED and this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge