# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MARK BRYAN MARTIN-DOBSON, | ) |
| Plaintiff, | ) |
| | ) No. 3:12-cv-1146 |
| v. | ) |
| | ) Judge Sharp |
| DARON HALL, *et al.*, | ) Magistrate Judge Griffin |
| Defendants. | ) |

## ORDER

Pending before the Court is a Report and Recommendation ("R & R") of the Magistrate Judge, recommending that *Defendant Officer Michael Graulau's Motion for Summary Judgment* (Docket Entry No. 56) be granted and the case be dismissed with prejudice. The R & R provides, in part,

> The Court finds that summary judgment should be granted to Defendant Graulau because Plaintiff's claim has not been properly exhausted. The PLRA states that:
>
>> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> 42 U.S.C. § 1997e(a). This statute requires a prisoner plaintiff to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. Porter v. Nussle, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998).
>
> Once the defense of failure to exhaust is raised, a prisoner plaintiff must set forth evidence to show that he has complied with the requirements of exhaustion. See Napier v. Laurel Cnty., Ky., 636 F.3d 218 (6th Cir. 2011). To establish that he has exhausted his administrative remedies, Plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003), abrogated on other grounds, Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

> It is further well-settled that there is no futility exception to the exhaustion requirement. Booth, 532 U.S. at 741 n.6; Napier, 636 F.3d at 222.
>
> It is undisputed that a grievance system is available to inmates within the custody of the DCSO and that an inmate who is not satisfied with the decision on his grievance may file an appeal. See Declaration of Tom Davis (Docket Entry No. 59). It is further undisputed that Plaintiff filed an administrative grievance on October 18, 2012, about the incident in question, that his grievance was found to be unsustained on October 30, 2012, and that Plaintiff did not file an appeal of the denial of his grievance. Id.; Docket Entry No. 59-1.
>
> Plaintiff has not set forth any basis excusing his failure to file an administrative appeal of his unsustained grievance and thus complete the grievance process available to him at the DCSO. It is Plaintiff's burden to rebut the Defendant's assertion that he failed to exhaust. See Napier, supra. Although Plaintiff makes statements in his response to Defendant Graulau's Statement of Undisputed Facts that his grievances about the matter were "either lost or disregarded," that the grievance system is "terrible," and that his "appeal [was] never answered," see Docket Entry No. 64, at 3, his response is not supported by any actual admissible evidence such as an affidavit and, thus, his statements fail to support his opposition to the exhaustion argument made by Defendant Graulau. Furthermore, in his deposition, Plaintiff stated only that he did not remember whether he filed an appeal of his denied grievance. See Docket Entry No. 56-1, at 15. His statements simply fail to satisfy this burden, especially in light of Defendant Graulau's affirmative evidence.
>
> Because the Court finds that the failure to exhaust argument raised by Defendant Graulau requires dismissal of Plaintiff's claim, it is not necessary to address the alternative arguments for summary judgment raised by Defendant Graulau.

(Docket Entry No. 69). No objections were made to the R & R.

Where no objections are made to the R & R, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b). Having thoroughly reviewed the record in this case and the applicable law in accordance with Rule 72(b), the Court will accept the R & R.

Accordingly, the Court hereby rules as follows:

(1) The Report and Recommendation (Docket Entry No. 69) is hereby ACCEPTED and APPROVED;

(2) *Defendant Officer Michael Graulau's Motion for Summary Judgment* (Docket Entry No. 56) is hereby GRANTED; and

(3) This case is hereby DISMISSED WITH PREJUDICE.

The Clerk is directed to enter Judgment in a separate document in accordance with Federal Rule of Civil Procedure 58.

**It is SO ORDERED.**

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE